UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JACQUELINE ALLEN,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD. d/b/a
ROYAL CARIBBEAN GROUP,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, JACQUELINE ALLEN, is a citizen and resident of the state of Georgia and is otherwise *sui juris*.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. d/b/a Royal Caribbean Group (hereinafter "Royal Caribbean"), is a foreign entity incorporated in the Republic of Liberia, which its principal place of business in Miami, Florida.

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the Parties are completely diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty jurisdiction, 28 U.S.C. § 1333.

4. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, cruises aboard the vessel, *Allure of the Seas*.

5. At all times material hereto, Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained, controlled and/or had exclusive custody of the vessel, *Allure of the Seas* ("the vessel").

8. On all material times, including the injury date of November 26, 2024, the Plaintiff was a fare paying passenger aboard the *Allure of the Seas* and in that capacity was lawfully present aboard the vessel.

9. On or about November 26, 2024, the Plaintiff was walking to the game room on Deck 14 aboard the *Allure of the Seas*, when the automatic sliding door suddenly and unexpectedly closed on her. As a result, the Plaintiff sustained severe injuries.

10. The subject automatic sliding door constituted a dangerous condition for reasons that include, but were not limited to:

A. Improper door sensor function: The sensor failed to detect the Plaintiff's presence or movement, causing the door to close unexpectedly and without warning, creating a foreseeable risk of injury;

B. Unpredictable door operation: The door opened and closed irregularly and without proper timing, making it a hidden hazard that passengers could not reasonably anticipate;

C. Lack of safety mechanisms: The door lacked adequate safety features such as responsive motion sensors, obstruction detection, or emergency stop functions that would have prevented the door from closing on a passenger; and/or

D. Insufficient warning signage: There were no clear warnings, instructions, or cautionary signs alerting passengers to the malfunctioning or hazardous nature of the door, thereby failing to provide adequate notice of the danger.

## DEFENDANT'S NOTICE

11. Prior to the subject incident, Defendant knew or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

   a. Prior to and/or at the time of Plaintiff's injury-producing incident, Defendant's crewmembers were standing within close proximity to the subject automatic sliding door and/or were actively monitoring the area pursuant to Defendant's policies and procedures, and did and/or should have observed the dangerous condition(s) associated with the door's improper operation, but failed to take appropriate remedial measures to prevent the Plaintiff's incident;

   b. Prior to and/or at the time of Plaintiff's injury-producing incident, Defendant had installed video cameras to monitor the subject area, and had Defendant reasonably monitored the automatic sliding door via those cameras, Defendant did and/or would have observed the dangerous condition(s) associated with the door malfunctioning or closing unexpectedly, but failed to take appropriate remedial measures to prevent the Plaintiff's incident; and/or

    c. Defendant's routine inspections, safety walk-throughs, and maintenance protocols required crew to identify hazards such as malfunctioning doors, and had Defendant properly performed those inspections, it would have discovered that the door was closing with excessive force and without proper detection of individuals in its path;

12. At all times material hereto, Defendant knew or should have known that it was highly probable for passengers to be injured due to faulty automatic sliding doors, considering prior incidents occurring on Defendant's vessels. For instance,

    a. *See Fonseca v. Royal Caribbean Cruises, Ltd.*, Case No. 1:24-cv-22799-KMW. In *Fonseca*, the plaintiff was injured aboard the *Mariner of the Seas* when she attempted to walk into a lounge deck and the automatic doors leading into that area suddenly and unexpectedly closed on her with sufficient force to cause her to lose her balance, strike her head, and fall onto her right side. Similarly, in the present case, Plaintiff was aboard the *Allure of the Seas* on or about November 26, 2024, walking toward the game room on Deck 14 when the automatic sliding door suddenly and unexpectedly closed on her. As in *Fonseca*, the door's malfunction created a hazardous and foreseeable condition in which passengers could be struck by an automatically operated door that failed to detect their presence, failed to remain open long enough for safe passage, or otherwise operated unpredictably. Under these circumstances, it was reasonably foreseeable to Defendant that passengers aboard its vessels, including the *Allure of the Seas*, could encounter dangerous conditions associated with improperly functioning automatic doors, resulting in injuries such as those sustained by Plaintiff here.

    b. *See Chase v. Royal Caribbean Cruises, Ltd.*, Case No. 1:24-cv-22647. In *Chase*, the plaintiff was injured aboard the *Liberty of the Seas* on June 20, 2023, when he was walking and the automatic sliding doors suddenly and unexpectedly opened too far as he was near a wall, striking his body and shoulder. Similarly, in the present case, Plaintiff was aboard the *Allure of the Seas* on or about November 26, 2024, walking toward the game room on Deck 14 when the automatic sliding door suddenly and unexpectedly closed on her. As in *Chase*, the door's malfunction created a hazardous and foreseeable condition in which passengers could be struck by an automatically operated door that failed to operate safely. Under these circumstances, it was reasonably foreseeable to Defendant that passengers aboard its vessels, including the *Allure of the Seas*, could encounter dangerous conditions from automatic doors that opened or closed unpredictably, resulting in injuries such as those sustained by Plaintiff here.

    c. *See Gunn v. Royal Caribbean Cruises, Ltd.*, Case No. 1:24-cv-21716. In *Gunn*, the plaintiff was injured aboard the *Mariner of the Seas* on June 4, 2023, while holding onto a wall due to strong wind, the automatic sliding doors suddenly and unexpectedly opened too far, crushing her hand and dragging her as the door opened and closed. Similarly, in the present case, Plaintiff was aboard the *Allure of the Seas* on or about November 26, 2024, walking toward the game room on Deck 14 when the automatic sliding door suddenly and unexpectedly closed on her. As in *Gunn*, the door's

    malfunction created a hazardous and foreseeable condition in which passengers could be struck or trapped by a door that operated unpredictably and without proper safety controls. Under these circumstances, it was reasonably foreseeable to Defendant that passengers aboard its vessels, including the *Allure of the Seas*, could encounter dangerous conditions from automatic doors that failed to operate safely, resulting in injuries such as those sustained by Plaintiff here.

    d. *See Simm v. Royal Caribbean Cruises, Ltd.*, Case No. 1:20-cv-20180. In *Simm*, the plaintiff was injured aboard the *Adventure of the Seas* on February 11, 2019, while walking from the breakfast buffet to the main deck. As he was passing through the automatic doors, which were open, the door suddenly and unexpectedly closed on his foot, requiring the assistance of another passenger to release it. Similarly, in the present case, Plaintiff was aboard the *Allure of the Seas* on or about November 26, 2024, walking toward the game room on Deck 14 when the automatic sliding door suddenly and unexpectedly closed on her. As in *Simm*, the door's malfunction created a hazardous and foreseeable condition in which passengers could be struck, trapped, or injured by a door that failed to operate safely and predictably. Under these circumstances, it was reasonably foreseeable to Defendant that passengers aboard its vessels, including the *Allure of the Seas*, could encounter dangerous conditions from improperly functioning automatic doors, resulting in injuries such as those sustained by Plaintiff here.

### COUNT I – GENERAL NEGLIGENCE AGAINST DEFENDANT

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

14. On or about November 26, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a. Failure to close off the dangerous condition on the deck, including the vessels automatic sliding glass doors;

    b. Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to be injured by automatic sliding glass doors;

    c. Failure to identify the dangerous and/or hazardous condition(s), such as the limits of the opening and closing of the doors on automatic sliding glass doors aboard Defendant's vessel;

    d. Failure to identify and mark dangerous and/or hazardous areas near automatic sliding doors aboard the vessel;

    e. Failure to correct hazardous conditions following prior accidents occurring in the same and/or similar areas and/or automatic sliding doors.

    f. Failure to correct hazardous condition(s) following prior incidents on the same or similar automatic sliding glass doors; and/or

    g. Failure to mark the safety zones for the opening and closing of automatic sliding glass doors so that it was readily apparent to passengers, including Plaintiff.

15. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

16. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) the facts alleged in paragraphs 11-12, (b) its cleaning and/or inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar manner.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

17. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom,

incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

18. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

19. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to visit.

20. On or about November 26, 2024, The Plaintiff was near the card room on Deck 14 aboard Defendant's vessel, which is a place Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be during the cruise.

21. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a. Failure to adequately warn passengers, including the Plaintiff, of the dangerous condition of the subject area;

b. Failure to adequately warn passengers of the dangers associated with its automatic sliding glass doors aboard the vessel;

c. Failure to adequately warn passengers, including the Plaintiff, of the limits of opening and closing automatic sliding glass doors aboard the vessel;

d. Failure to adequately warn passengers, including the Plaintiff, of hazardous conditions and delineated hazardous zones near automatic sliding glass doors aboard the vessel;

e. Failure to adequately warn passengers, including the Plaintiff, of risks and/or dangers of placing their body in the path of automatic sliding doors on the subject vessel;

f. Failure to adequately warn passengers, including the Plaintiff, of the risks and/or dangers associated with automatic sliding glass doors in the subject area, including but not limited to, hazardous sensors and/or lack of properly functioning sensors;

g. Failure to adequately warn passengers, including the Plaintiff, of prior incidents involving the automatic sliding doors, including malfunctions, unexpected closings, or sensor failures, that created a foreseeable risk of injury;

h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers, like the Plaintiff, are warned of the danger of being near and/or in the area of automatic sliding glass doors aboard the vessel; and/or

i. Other acts and/or omissions that may be revealed through discovery.

22. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

23. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them. Defendant's knowledge of the foregoing condition(s) was

specifically acquired through (a) the facts alleged in paragraphs 11-12, (b) its cleaning and/or inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar manner. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

24. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

25. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

26. At all times material hereto, it was the duty of Defendant to maintain the vessel, including the subject automatic sliding doors, in a reasonably safe condition.

27. On or about November 26, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to properly calibrate and maintain safety settings on its automatic sliding glass doors;

   b. Failure to adequately and regularly monitor and/or inspect and/or test the sensors and calibration of the automatic sliding glass doors before opening the area up to passengers like the Plaintiff;

   c. Failure to adequately and regularly inspect the automatic sliding glass doors to determine where it was unreasonably dangerous and/or hazardous to passengers;

   d. Failure to adequately and regularly inspect hazardous areas near or around automatic sliding glass doors where it may be dangerous and/or hazardous to passengers;

   e. Failure to adequately and regularly inspect its automatic sliding glass doors;

   f. Failure to adequately and regularly inspect the sensors on the automatic sliding glass doors;

   g. Failure to adequately maintain the automatic sliding glass doors in a reasonably safe condition in light of the anticipated use;

   h. Failure to adequately maintain the areas near and/or around automatic sliding glass doors with reasonable signs as to hazardous condition(s) and/or dangers caused by the automatic sliding glass doors; and/or

   i. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the areas near and/or around the automatic sliding glass doors in a reasonably safe condition and free of any hazards caused by the automatic sliding glass doors.

28. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

29. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) the facts alleged in paragraphs 11-12, (b) its cleaning and/or inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar manner.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

30. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: November 18, 2025                                                          Respectfully submitted,

                                                             LIPCON, MARGULIES
                                                             & WINKLEMAN, P.A.
                                                             *Attorney for Plaintiff*
                                                             2800 Ponce de Leon Blvd., Suite 1480
                                                             Coral Gables, Florida 33134
                                                             Telephone No.: (305) 373-3016

           Facsimile No.: (305) 373-6204

By: */s/ Nicolas H. Lipcon*  
   **NICOLAS H. LIPCON**  
   Florida Bar No. 1058833  
   nlipcon@lipcon.com